**E-FILED on** 11/2/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALYN BELLOMI and JODY BELLOMI,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, a Delaware Corporation, TED LEWIS OBERSON, an individual, JAMES "JIM" TAGGART, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C-09-3431 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>**[Re Docket No. 6]** |

    Defendants' motion to dismiss came on for hearing before the court on October 30, 2009. Plaintiffs oppose the motion. Having considered the papers submitted by the parties the court posted its tentative order granting the motion to dismiss with leave to amend. Plaintiffs and defendant accepted the tentative order at the hearing. for good cause appearing for the reasons set forth below, the motion is granted, with leave to amend.

    Plaintiffs filed this action against Countrywide Financial Corporation and two of its employees, alleged to be real estate agents whose licenses are held by Countrywide. Plaintiffs seek to assert a variety of claims arising out of a series of loans against their property in Mountain View, California, specifically, a March 2006 refinance loan, a subsequent May 2007 refinance loan, and a

1 subsequent January 2009 loan modification. Plaintiffs seek to assert claims of negligent
2 misrepresentation, breach of fiduciary duty, constructive fraud, predatory lending, injunctive relief,
3 and violation of California Business and Professions Code Section 17200.

4     The first cause of action for negligent misrepresentation is deficient in that it fails to allege
5 the underlying facts with sufficient particularity, as required under Rule 9(b). Plaintiffs also
6 concede their failure to allege detrimental reliance on any representation. Defendant also contends
7 that to the extent any of the statements arose out of the March 2006 transaction, the claim is barred
8 by the three-year statute of limitations under California Code of Civil Procedure §338(d). Plaintiffs
9 do not address this issue in their opposition, and the court is persuaded of its merit. Accordingly, the
10 first claim for relief is dismissed with leave to amend, but no leave to amend is permitted with
11 regard to any claim based upon any representation made more than three years prior to the filing of
12 the lawsuit.

13     The second cause of action for breach of fiduciary duty is similarly dismissed. Defendants
14 have cited legal authority for the proposition that there is no fiduciary duty owed by a lender to a
15 borrower. Motion at 8, *citing inter alia Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d
16 1089, 1092 n.1 (1991). Plaintiffs offer no legal authority in opposition, instead arguing that the
17 individual defendants are real estate agents and thus may have been dual agents of both the plaintiffs
18 and defendant Countrywide. The complaint, however, does not allege defendants Taggart and
19 Oberson were acting as the agents of plaintiffs in securing the underlying loans. Their mere status
20 as real estate agents is insufficient to give rise to a fiduciary duty, much less to impose such a duty
21 upon defendant Countrywide.

22     The third cause of action is for constructive fraud under California Civil Code §1573. It too
23 fails because of the lack of any fiduciary or confidential relationship between the plaintiffs and
24 defendants, a necessary element to a claim for constructive fraud. *Neilson v. Union Bank of Cal.,*
25 *N.A.*, 290 F. Supp. 2d 1101, 1142 (C.D. Cal. 2003). The claim also fails to allege facts which, if
26 proven, would establish any breach of duty, detrimental reliance, or damages. Accordingly, the third
27 cause of action is dismissed.
28

The fourth cause of action is captioned "Predatory Lending, Violation of Truth In Lending." Defendants argue that the fourth cause of action fails to state a claim under the federal Truth in Lending Act, but fail to do so. Plaintiffs do not disagree, and argue instead that they are not asserting a claim under the federal act, but instead are asserting a state law predatory lending claim. In reply, defendants note that there is no common law claim for predatory lending, and that the California statutory law does not apply to "jumbo loans", such as the refinance transactions which underlie plaintiffs' complaint. California Finance Code §4970 applies only to "covered loans" which are defined, in part, as loans which do not exceed the most current conforming loan limit for single-family mortgages established by the Federal National Mortgage Association. In 2006 and 2007, the conforming loan limit was $417,000, but plaintiffs' refinance loans were each in excess of $800,000. Accordingly, the fourth cause of action does not state a claim.

Plaintiffs' fifth cause of action is for injunctive relief. Injunctive relief, however, is a remedy, and not a separate cause of action, which plaintiffs concede in their opposition. Accordingly, the fifth cause of action is dismissed without prejudice.

Plaintiffs' sixth cause of action is for violation of California Business & Professions Code Section 17200. It is predicated on alleged violations of law that are asserted in the other causes of action which, as discussed above, have been dismissed. Accordingly, the sixth cause of action is also dismissed with leave to amend. If plaintiffs choose to amend this claim, plaintiffs shall allege facts sufficient to identify the alleged unfair, unlawful or fraudulent business practices that form the basis of plaintiffs' claim.

Accordingly, for the foregoing reasons, plaintiffs' complaint is dismissed. Plaintiffs shall have twenty days leave in which to file an amended complaint.

DATED:     10/30/09

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Theodore Raymond Chavez**
Email: theodorechavez@sbcglobal.net

**Counsel for Defendants:**

**Deborah Anne Goldfarb**
Email: deborah.goldfarb@bryancave.com

**James Goldberg , Esq.**
Email: james.goldberg@bryancave.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     11/2/09                                                          TER
                                                                          **Chambers of Judge Whyte**